E. RAUH & SONS FERTILIZER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10720. Promulgated June 8, 1928.

*Frank C. Olive, Esq., Geo. S. Olive, C. P. A.,* and *J. E. Keough, C. P. A.,* for the petitioner.

*W. H. Lawder Esq.,* for the respondent.

OPINION.

Love: The first issue relates to the valuation of the inventory of petitioner at the close of the taxable year. The question is whether respondent erred in valuing the inventory in the amount of $193,-998.90, thereby increasing the gross income in the amount of $20.267.44. The inventory comprehends raw materials, supplies, and the products of petitioner which are fertilizers and animal food mixtures. The ascertainment of the quantities on hand at any given date is always a matter of considerable complexity due to the prohibitive expense if not the utter impracticability of weighing and analyzing huge irregular shaped piles of raw materials and of mixtures in process of production. At the particular date under consideration, market values were almost nonexistent due to a condition of stagnation aptly described by one witness who testified that "the bottom dropped out." The method of inventorying is fully detailed in the findings and need not be repeated here. What may be termed the completed inventory is the result of collaboration of two officers of petitioner who we are satisfied were well qualified for the task. The evidence as to the correctness of the procedure followed is convincing, and the result of their endeavors is deserving of confidence. It appears the higher valuation used by respondent was arrived at by one of the officers as a "tentative inventory." Subsequently in the customary conference of the collaborators the officer finally determined the inventory to accord with the averages they agreed upon, and he approved the lower valuation, which is the completed inventory used by petitioner. Both officers took the stand and testified positively that the inventory of petitioner was correct and was valued at the market prices.

In addition to its accuracy, petitioner's inventory conforms to the practice which petitioner has followed for many years, including the beginning of the taxable year, which is not questioned by respondent. We see no reason for disturbing that practice. See *The Buss Co.*, 2 B. T. A. 266. Nothing before us points to a conclusion that income for the taxable year is not reflected with clarity or that good accounting principles have been violated. The statute does not in every case limit the inventory to one of the two bases of cost, or the lower of cost or market. See *C. Willenborg & Co.*, 5 B. T. A. 788. Methods of inventorying are frequently modified to suit the circumstances. See *Estate of Lucy C. Lester*, 4 B. T. A. 74; *Lord Motor*

*Car Co.*, 5 B. T. A. 818; *Leighton Supply Co.*, 7 B. T. A. 99; *Boyne City Lumber Co.*, 7 B. T. A. 36; *Newsleter Suit Co.*, 8 B. T. A. 477.

Something is said in the briefs and in the deficiency letter about confusing bookkeeping entries. The books are not in evidence. No significance may be attached to the allusions. Upon the evidence adduced we are of the opinion that respondent erred with relation to the inventory of the raw materials and the products of petitioner. Petitioner's inventory should be accepted. This does not apply, however, to the supplies such as the empty bags, not directly em· ployed in production. They should be valued at cost. See *Burroughs Adding Machine Co.*, 9 B. T. A. 938. Since petitioner has failed to show that respondent has valued the supplies in excess of cost, respondent is sustained as to the inventory of supplies.

The third and fourth issues are the same; they are controlled by *L. S. Ayers & Co.*, 1 B. T. A. 1135. Available current earnings should not be reduced by a tentative correct tax. *All America Cables Inc.*, 10 B. T. A. 213.

*Judgment will be entered under Rule 50.*